**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Ivan M. Jones,                          Case No. 3:15 CV 0082

       Plaintiff,                      JUDGE JAMES G. CARR

   v.

                                 **OPINION AND ORDER**

Danette Ford, *et al.*,

       Defendants.

*Pro se* plaintiff Ivan Jones, a state prisoner incarcerated in the Corrections Center of Northwest Ohio, has filed this *in forma pauperis* civil rights action alleging that prison employees refused to provide him medication. For the following reasons, his action is dismissed in accordance with 28 U.S.C. §§1915(e)(2)(B) and 1915A.

**Plaintiff's Allegations**

The plaintiff alleges that on the morning of December 12, 2014, he did not receive medications he had "been billed for" because he was in the restroom in his cell when Corrections Officer Ben Downard called the morning medical pass. Nurse Ford told Officer Downard not to let the plaintiff out of his room because prison rules require inmates "to be in the dayroom prior to the nurses coming in[to] the housing unit in order . . . to receive their medications." The plaintiff alleges he could not find such a rule in the inmate handbook; nor could Officer Downard find the rule in the CIO Policy Rule Book.

The plaintiff alleges he "was having breathing problems that morning" and asked to be taken to medical for a breathing treatment. When he got to medical, he complained to Nurse Jess Wolford

"about all the problems that [he] was having" and "asked who was in charge of medical." Nurse Wolford "became mad" and told the plaintiff he did not need a breathing treatment. She told him he was misusing medical and faking an asthma attack because he was mad that he did not receive medications during the morning medical pass.

The plaintiff subsequently "tried to explain the whole situation" to the Director of Nurses, Chris Neise. Neise allegedly also told him that he "must be in the dayroom prior to nurses being in the housing unit in order to receive [his] medication." The plaintiff alleges this is not a rule and that some nurses are using it to "cheat people out [of] their medications."

The plaintiff started the grievance process that day. On December 22, 2014, First Shift Commander Craig Eiden responded to the plaintiff and told him he understood the plaintiff's concern that he was paying for medications he was not receiving. He also stated "it was not a rule" that the plaintiff could not have been let out of his room. However, Eiden explained to the plaintiff "why he believes the nurses practice this way" and told the plaintiff "it was not up to him to tell medical how to do their job." The plaintiff alleges he received "no help" from Mr. Eiden or Executive Director of the Jail Jim Dennis in connection with his grievance and alleges they are both "part of the scheme" and "wish[] to do nothing after they are aware of people getting cheated out of their money and medications and proper health care due to a false rule that their staff is inforcing [sic]."

For the alleged denial of medication, the plaintiff seeks $295,000 in damages from the six defendants: Officer Downard; Nurses Ford and Wolford; Chris Neise; Craig Eiden; and Jim Dennis.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v.MacDougall*, 454 U.S. 364, 365, (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court must *sua sponte*

dismiss any *in forma pauperis* action it determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To avoid a dismissal, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. App'x 784, 786 (6th Cir. 2011).

I construe the plaintiff's complaint as alleging a violation of the Eighth Amendment, which forbids prison officials from acting with "deliberate indifference" toward serious medical needs of inmates. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A constitutional claim for denial of medical care under the Eighth Amendment has both objective and subjective components. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004), citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the plaintiff to plead facts which, if true, establish the existence of a "sufficiently serious" medical need. *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). "Seriousness is measured objectively, in response to 'contemporary standards of decency.'" *Id*. (internal quotation marks and citations omitted). "As the Supreme Court explained in *Farmer*, '[t]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm'" to him. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000), quoting *Farmer*, 511 U.S. at 834.

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Reilly*, 680 F.3d at 624. Only "deliberate indifference" to serious medical needs will implicate the protections of the Eighth Amendment, and "[d]eliberate indifference is characterized by obduracy or wantonness—it cannot be predicated on negligence, inadvertence, or good faith error." *Id*. "Thus, to prove the required level of culpability, a plaintiff must show that the prison official: (1) subjectively knew of a risk to

-3-

the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk. *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010).

In the medical context, the Supreme Court has emphasized that "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Reilly*, 680 F.3d at 624, citing *Estelle*, 429 U.S. at 105–06. Accordingly, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id*.

The plaintiff's complaint does not allege facts sufficient to demonstrate a plausible deliberate indifference claim. First, the complaint does not allege facts from which a plausible inference can be drawn that the plaintiff had a "serious medical need" on the day he was denied medication. He alleges that he "was having breathing problems" that morning, but this vague and purely conclusory allegation alone is insufficient to demonstrate a "serious medical need."

Second, even assuming the plaintiff's vague and conclusory allegation of "breathing problems" is sufficient to establish the objective component of a deliberate indifference claim, the plaintiff has not alleged facts plausibly suggesting that any of the defendants were "deliberately indifferent" to that need. The plaintiff alleges no facts whatsoever suggesting that any of the defendants subjectively believed the plaintiff was experiencing problems that amounted to a serious risk to him. Indeed, the plaintiff's allegations suggest the contrary. He alleges Nurse Wolford told him he did not need a breathing treatment and that he was misusing medical and faking an asthma attack because he was mad he did not receive medication that morning. The plaintiff alleges no facts plausibly suggesting that Nurse Wolford – or any other defendant – actually believed or drew an

-4-

inference that a substantial risk of harm to the plaintiff's health existed, or that any of the defendants consciously disregarded such risk.

The plaintiff's allegations indicate that he was seen in medical because he reported breathing problems, but the nurse who saw him disagreed with his contention that he needed a breathing treatment and believed he was faking a problem because he wanted medication.  Even if the nurse's assessment of the plaintiff's condition was wrong, negligent, or constituted medical malpractice under state tort law, it does not state a valid claim of medical mistreatment under the Eighth Amendment.  As the Sixth Circuit has instructed, where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976).

In sum, the plaintiff has not alleged facts plausibly suggesting that he had a serious medical need, or that any of the defendants were deliberately indifference to such need.

**Conclusion**

Accordingly, this action is dismissed  for failure to state a claim on which relief may be granted in accordance with 28 U.S.C. §§1915(e)(2)(B) and 1915A.  The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

  s/ James G. Carr
JAMES G. CARR
UNITED STATES DISTRICT JUDGE